*683 Opinión concurrente emitida por el
Juez Asociado Señor Martínez Torres,
a la que se une la Jueza Asociada Se-ñora Pabón Chameco.
Concurro con la decisión del Tribunal en que, en este caso, procede aplicar retroactivamente el Art. 2 de la Ley Núm. 243-2011, que enmendó el Art. 3 de la Ley Núm. 266-2004, 4 L.P.R.A. sec. 536a. Sin embargo, opino que es innecesario fundamentar nuestra decisión en el Art. 9 del Código Penal de 2004, 33 L.P.R.A. see. 4637. Al concluir de esa forma, la Opinión del Tribunal colisiona con el texto cristalino del Art. 1 de la Ley Núm. 266, supra, según en-mendado, 4 L.P.R.A. see. 536.
Los hechos del caso que nos ocupa se encuentran ex-puestos correctamente en la Opinión del Tribunal, por lo que no es necesario repetirlos aquí.
H-i
Como muy bien señala la Opinión mayoritaria, el Tribunal de Apelaciones, al interpretar la Ley Núm. 266, supra, antes de que fuera enmendada por la Ley Núm. 243, supra, "tenía razón al interpretar que las personas que hacían alegación de culpabilidad y recibían el beneficio del pro-grama de desvío de la Ley Núm. 177 [-2003], se consideran convictos”. Opinión del Tribunal, pág. 674. Eso implica que tenían que estar inscritos en el Registro de Ofensores Sexuales. Ahora bien, con la nueva ley, claramente las per-sonas que “se encuentren recluidas o participando de algún programa de desvío, tratamiento o rehabilitación de la Ad-ministración de Corrección”, o que posteriormente “sean sometidos a dichos programas”, serán removidas del Regis-tro de Personas Convictas por Delitos Sexuales y Abuso contra Menores tan pronto “el acusado cumpla con las con-diciones impuestas por el Tribunal, y éste ordene el sobre- *684 seimiento de la acción criminal ...”. Art. 2 de la Ley Núm. 243, supra. Adviértase que la Asamblea Legislativa no ex-tendió expresamente lo dispuesto en el Art. 2, id., a las personas que ya habían terminado el programa de desvío cuando entró en vigor la ley nueva, como ocurre en este caso.
Para concluir que lo dispuesto en el Art. 2, id., aplica a las personas que terminaron el programa de desvío cuando entró en vigor la ley nueva, lo único que hay que hacer es recurrir al Art. 15 de la Ley Núm. 243, supra. Ese artículo establece que “[e]sta Ley comenzará a regir inmediata-mente después de su aprobación. Los incisos (f) y (g) del Artículo 4 tendrán efecto prospectivo. Las demás disposi-ciones podrán tener efecto retroactivo”. (Enfasis nuestro). Un análisis del artículo transcrito revela que la Asamblea Legislativa otorgó a la Rama Judicial la discreción de de-cidir si las disposiciones de la ley tienen carácter retroactivo. Hemos indicado que la discreción se nutre “de un juicio racional apoyado en la razonabilidad y fundamen-tado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna”. Santa Aponte v. Srio. del Senado, 105 D.P.R. 750, 770 (1977), rei-terado en HIETel v. PRTC, 182 D.P.R. 451, 459 (2011). Asi-mismo, “ ‘no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho’ ”. (Enfasis suprimido). Bco. Popular de P.R. v. Mun. de Aguadilla, 144 D.P.R. 651, 658, (1997). Así, pues, amparándonos en la dis-creción que nos confirió el legislador, es correcta la conclu-sión de la Opinión del Tribunal. No hay razón para tratar distinto al peticionario por el mero hecho de que completó el programa de desvío. Disponer lo contrario sería un abuso de discreción.
No obstante, la Opinión del Tribunal recurre al Art. 9 del Código Penal de 2004, supra, que recoge el principio de favorabilidad. En lo concerniente, el Art. 9(b) del Código Penal, id., indica: “Si durante el término en que la persona está cumpliendo la sentencia entra en vigor una ley más *685 benigna en cuanto a la pena o ala medida de seguridad o al modo de ejecutarlas, se aplicará retroactivamente”. (En-fasis nuestro). No obstante, la inclusión de una persona en el Registro de Personas Convictas por Delitos Sexuales y Abuso de Menores no es una pena ni una medida de seguridad. Ni siquiera se cumple una sentencia en este caso, pues el peticionario terminó el programa de desvío.
El Art. 1 de la Ley Núm. 266, supra, indica que “[e]l Registro que se crea mediante esta Ley no tiene un propó-sito punitivo’, es un medio para garantizar la seguridad, protección y bienestar general de los sectores más vulnera-bles y merecedores de protección de nuestra sociedad”. (Enfasis nuestro). Incluso, en la Exposición de Motivos de la Ley Núm. 243, supra, pág. 2, el legislador reitera que “nuestro Registro, al igual que los Registros establecidos en todos los estados de los Estados Unidos, no tiene un propósito punitivo’, es un medio por el cual el Estado puede velar por la seguridad, protección y bienestar general”. (Enfasis nuestro). Si bien la ley hace referencia constante-mente al término “convicto”, eso no es óbice para concluir que esa ley es penal. Para un análisis de derecho compa-rado con otras jurisdicciones en que existen leyes que esta-blecen registros similares, véase J. Ramírez Vélez, El Re-gistro de Personas Convictas por Delitos Sexuales y Abuso contra Menores: ¿seguridad o castigo?, 42 (Núm. 2) Rev. Jur. U.I.P.R. 337 (2008).
Por su parte, tampoco es correcto afirmar que la Ley Núm. 266, supra, constituye una medida de seguridad. Como bien indica la Opinión del Tribunal, pág. 677, el Art. 91 del Código Penal, 33 L.P.R.A. sec. 4719, no establece que la inscripción en el Registro de Personas Convictas por De-litos Sexuales y Abuso de Menores sea una medida de seguridad. Tampoco es esa la intención legislativa.
El citado Art. 91 del Código Penal permite que el tribunal conserve jurisdicción sobre una persona que resulte no culpable por incapacidad mental o trastorno mental tran- *686 sitorio, y la interne en una institución adecuada para su tratamiento.(1) Por su parte, el Art. 94 del Código Penal de 2004, 33 L.P.R.A. see. 4722, establece que no “podrá impo-nerse medida de seguridad sin previo examen e informe siquiátrico o sicológico de la persona, realizado por un si-quiatra o sicólogo clínico designado por el tribunal y un informe social realizado por un oficial probatorio”.
De igual forma, el Art. 96 del Código Penal de 2004, 33 L.P.R.A. sec. 4724, impone al tribunal el deber de pronun-ciarse sobre el mantenimiento, la modificación o la cesa-ción de la medida de seguridad impuesta.
Una lectura integrada de los artículos citados revela que la medida de seguridad a la que hace referencia cons-tantemente el Código Penal es la medida de internación por incapacidad mental, trastorno mental transitorio o inimputabilidad. Véanse, por ejemplo: Arts. 2, 3, 4 y 5 del Código Penal de 2004, 33 L.P.R.A. secs. 4630 — 4633. A una conclusión idéntica arriban los expertos en la materia. J.P. Mañalich R., El concepto de delito bajo el Código Penal de Puerto Rico, 79 (Núm. 2) Rev. Jur. U.P.R. 1115, 1126-1127 (2010); D. Nevares-Muñiz, Código Penal de Puerto Rico, 5ta ed., San Juan, Inst, para el Desarrollo del Derecho, 2012, págs. 129-130. Por ello, no cabe hablar de la inscrip-ción en el registro como una medida de seguridad. Aquí no se requiere evaluación síquica o sicológica del obligado a registrarse.
Recurrir en este caso al Art. 9 del Código Penal, supra, tendrá como consecuencia la proliferación de litigios injustificados. Por ejemplo, si determinamos que la inscrip- *687 ción de una persona en el registro es una medida de segu-ridad, ¿será necesaria la preparación de un informe presen-tencia conforme al Art. 94 del Código Penal, supra, que discuta la conveniencia de la inscripción en el registro? Por otro lado, ¿tendrá el Tribunal que revisar anualmente el mantenimiento, la modificación o la cesación de la medida de seguridad impuesta, a saber, la inscripción en el regis-tro, según requiere el Art. 96 del Código Penal del 2004, supra? ¿No tropieza la decisión que hoy se emite con la obligación que impone al tribunal el Art. 4 de la ley Núm. 266, supra, de ordenar al Ministerio Público la inscripción en el registro de ofensores?
El Art. 92 del Código Penal de 2004, 33 L.P.R.A. sec. 4720, establecía que debe existir proporcionalidad entre la medida de seguridad y la pena del hecho cometido. Con la opinión de la mayoría en este caso: ¿Debe existir proporción entre el tiempo en que una persona está inscrita en el Re-gistro y la pena del delito cometido? ¿No sería eso contrario a la Ley Núm. 266, supra, según enmendada? Todas esas interrogantes quedan en suspenso con la Opinión que emite este Foro.
El Tribunal intenta despachar estas preguntas en una nota al calce en la que expresa su impresión de que los Art. 92 al 96 del Código Penal, supra, no aplican. Si el Tribunal reconoce eso, ¿de dónde surge, entonces, que la inscripción en el Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores es una medida de seguridad? Pa-rece que surge del mismo sitio que la aplicación del Art. 9 del Código Penal, supra: de la preferencia personal de una mayoría de los Jueces de este Tribunal y no de la voluntad legislativa.
I — I I — 1
Por los fundamentos antes expuestos, acogería el escrito presentado como una petición de certiorari, expediría el *688 auto y revocaría la decisión del Tribunal de Apelaciones. La Asamblea Legislativa nos concedió discreción para apli-car retroactivamente el Art. 2 de la Ley Núm. 243, supra. En el ejercicio de esa discreción, procede eliminar al señor Hernández García del Registro de Personas Convictas por Delitos Sexuales y Abuso contra Menores. Para arribar a ese resultado no es necesario recurrir al principio de favo-rabilidad incluido en el Art. 9 del Código Penal, supra.

 Con la aprobación del nuevo Código Penal de 2012, Ley Núm. 146-2012, la regulación de las medidas de seguridad sufrió cambios sustantivos. El nuevo Art. 81 del Código Penal de 2012, equivalente al Art. 91 del Código de 2004, 33 L.P.R.A. sec. 4719, no hace alusión al trastorno penal transitorio como razón para declarar a una persona no culpable. Por su parte, el Art. 92 del Código Penal de 2004, 33 L.P.R.A. sec. 4720, fue suprimido del nuevo Código Penal, por lo que ahora la medida de seguridad no tiene que ser proporcional a la pena del hecho cometido. Finalmente, el nuevo Art. 85 del Código Penal de 2012 otorga discreción al tribunal a la hora de determinar si la medida de seguridad debe cesar.