BANCO POPULAR DE PUERTO RICO, peticionario, *v.* MUNICIPIO DE AGUADILLA, recurrido.

*Número:* CC-97-91          *Resuelto:* 29 de diciembre de 1997

*Ángel S. Ruiz Rodríguez*, de *Martínez, Odell & Calabria*, abogado de la parte peticionaria; *Gregorio Igartúa*, abogado de la parte recurrida.

La Juez Asociada Señora Naveira de Rodón emitió la opinión del Tribunal.

El asunto medular es determinar si a tenor con el Art. 4.002(f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada por la Ley Núm. 248 de 25 de diciembre de 1995 (4 L.P.R.A. sec. 22k(f)), el Tribunal de Circuito de Apelaciones (en adelante el Tribunal de Circuito) tenía facultad discrecional para acoger una petición de *certiorari* para revisar una resolución interlocutoria dictada por el Tribunal de Primera Instancia, cuando dicha petición fue presentada fuera del plazo de treinta (30) días, y en la cual no se adujeron razones para justificar la dilación. Por la importancia de lo planteado decidimos revisar.

I

El 28 de enero de 1993 el Director de Finanzas del Municipio de Aguadilla (en adelante el Municipio) le notificó al Banco Popular de Puerto Rico (en adelante el Banco) una deficiencia de quince mil ciento noventa y siete dólares ($15,197) en concepto de la patente municipal correspondiente a 1992–1993. Con el propósito de impugnar esa determinación, el Banco instó una acción ante el Tribunal de Primera Instancia, Sala Superior de San Juan.

Luego de varios trámites procesales, el tribunal de instancia le ordenó al Banco que sometiera al Municipio un desglose de las distintas partidas por las que reclamó exención contributiva. Además, pidió que acreditara, mediante una certificación de su contralor, que tales partidas en efecto estaban exentas del pago de las patentes municipales según lo dispone la Ley de Patentes Municipales, Ley Núm. 113 de 10 de julio de 1974, según enmendada, 21 L.P.R.A. sec. 651 *et seq.*

Sometida la información requerida, el Municipio solicitó permiso para examinar y auditar los libros de contabilidad del Banco. Indicó que para verificar la procedencia de las partidas para las cuales se reclamó la exención contributiva, utilizaría un auditor de la Oficina del Director de Fi-

nanzas del Municipio y el asesoramiento de auditores privados contratados, quienes llevarían a cabo la correspondiente inspección. El Banco se opuso. Señaló que a tenor con las disposiciones aplicables de la Ley de Patentes Municipales, los municipios no podían delegar en personas privadas la responsabilidad de inspeccionar y auditar los libros de los contribuyentes. En apoyo a su posición afirmó que, conforme a la Op. Sec. Just. 1990-26 emitida por el Secretario de Justicia el 28 de junio de 1990, los municipios están impedidos de delegar en personas privadas el ejercicio de la tasación, el cobro y el recaudo de las patentes municipales, incluyendo aquellas tareas que requieran el examen y la evaluación de información.

El 4 de marzo de 1996 el tribunal de instancia (Hon. Arnaldo López Rodríguez, Juez) dictó una resolución mediante la cual dispuso que el Municipio podía realizar dicho examen solamente a través de sus funcionarios o empleados y, en consecuencia, le prohibió que utilizara peritos privados para tales fines. Fundamentó su dictamen en que el lenguaje de la Sec. 37 de la Ley de Patentes Municipales, 21 L.P.R.A. sec. 652i(a), la cual dispone a tales fines que "el Recaudador Oficial podrá, por conducto de cualquier funcionario o empleado de la División de Recaudaciones del municipio, examinar cualesquiera libros, papeles, constancias o memorándums", opera para otorgarle la facultad de inspeccionar los libros de contabilidad de los contribuyentes sólo a los empleados o funcionarios de la División de Recaudaciones. La copia de la notificación de la referida resolución fue archivada en autos el *6 de marzo de 1996*. El 21 de ese mes, el Municipio presentó una moción de reconsideración, la cual fue declarada sin lugar mediante una resolución dictada el *26 de marzo*. Dicha decisión fue notificada a las partes el 29 de marzo de 1996.

*El 19 de abril de 1996*, once (11) días después de haberse vencido el plazo de treinta (30) días de cumplimiento estricto dispuesto por el Art. 4.002(f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, *supra*, el Municipio presentó un recurso de *certiorari* ante el Tribu-

nal de Circuito. Dicho tribunal, aunque reconoció que el recurso había sido presentado tardíamente y que en éste no se adujeron razones para justificar la dilación, lo acogió y revocó la resolución que emitiera el foro de instancia.

Inconforme con la determinación del Tribunal de Circuito, el Banco acude ante nos y plantea lo siguiente:(¹)

Erró el Honorable Tribunal de Circuito [...] al determinar que el Municipio radicó en tiempo su recurso de [c]ertiorari solicitando se revisase la resolución.

En su señalamiento de error, el Banco sostiene que incidió el Tribunal de Circuito al acoger la solicitud de *certiorari* interpuesta por el Municipio. Aduce que conforme a los eventos procesales acaecidos procedía su desestimación por haber sido presentada luego de haber transcurrido el período de treinta (30) días siguientes al archivo en autos de copia de la notificación de la resolución recurrida y por no existir circunstancias especiales que justificasen la presentación tardía. El Banco tiene razón. Veamos.

## II

En su sentencia, el Tribunal de Circuito determinó lo siguiente:

Contrario a las apelaciones establecidas por el Estado Libre Asociado de Puerto Rico, sus funcionarios o instrumentalidades que no fueren corporaciones públicas y los municipios, en cuyo caso el término para presentar dicho recurso es el de sesenta (60) días por virtud de la Regla 53.1 de Procedimiento Civil, cuando se trata del *certiorari* el término de treinta (30) días para presentarlo ha permanecido siempre inalterado sin excepción de naturaleza alguna. No tenemos constancia indicativa de que fue el propósito legislativo establecer para el *certiorari* el

---

(¹) Por la conclusión a la que llegamos no será necesario discutir el segundo señalamiento de error planteado por el Municipio de Aguadilla:

"Erró el Honorable Tribunal de Circuito ... al determinar que bajo las disposiciones de la Ley de Municipios Autónomos de Puerto Rico [Ley Núm. 81 de 30 de agosto de 1991, según enmendada, 21 L.P.R.A. sec. 4001 *et seq.*] se faculta al Municipio a utilizar a sus asesores privados para intervenir de manera directa en el examen de las declaraciones de volumen de negocios radicadas por el Banco."

mismo término de sesenta (60) días aplicable a la presentación de las apelaciones. En virtud de ello, resultaría contrario a la letra de la ley aplicar al recurso de *certiorari* el mismo término de sesenta (60) días reservado exclusivamente en esos casos para las apelaciones. Por consiguiente, *resolvemos con carácter prospectivo*, que el término que se aplica al E.L.A., sus funcionarios, instrumentalidades correspondientes y los municipios del E.L.A. para presentar el recurso de *certiorari* ante este Foro a los fines de revisar una resolución interlocutoria como la que nos ocupa, es el de treinta (30) días. A tono con lo anterior, en el caso de autos la dilación en presentarse el recurso fue de [once (11)] días.

De cualquier modo, las disposiciones aludidas no son de carácter jurisdiccional sino de estricto cumplimiento. Su aplicación descansa en la sana discreción como prerrogativa inherente de este Foro apelativo. En esa dirección la debemos aplicar con prudencia y actuar justicieramente utilizando la debida flexibilidad cuando los fines de la justicia así lo requieran y, además, estén envueltas sólidas credenciales de interés público.

*A[u]n cuando no estamos justificando la dilación incurrida por el Municipio*, estimamos que bajo las circunstancias presentes, donde no se nos ha demostrado que de forma sustancial los derechos del Banco han sido afectados por la demora .en presentar el recurso, nos debemos inclinar hacia permitir una desviación del término establecido con tal de garantizar cumplida [la] justicia, particularmente ante una consideración de orden público que por su interés y relevancia normativa amerita que emitamos nuestro criterio. En vista de lo anterior y en el ejercicio de nuestra discreción, ante el hecho de que no consideramos la tardanza *irrazonable*, permitimos la presentación tardía del recurso instado para la evaluación del mismo. Así acogido, pasamos a resolverlo. (Énfasis suplido.)

██ Las resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia podrán ser revisadas por el Tribunal de Circuito mediante el *certiorari* establecido en el Art. 4.002(f) de la Ley de la Judicatura de Puerto Rico de 1994, *supra*. Dicho artículo dispone, en lo pertinente, lo siguiente:

Mediante auto de *certiorari* expedido a su discreción, de cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia, incluyendo el Tribunal de Distrito durante el proceso de su abolición. En estos casos, el recurso de *certiorari* se formalizará presentando una solicitud dentro de los treinta (30) días siguientes a la fecha de notificación de la resolución u

orden. *El término aquí dispuesto es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente sustentadas en la petición de certiorari.* (Énfasis suplido.)

No existe lugar a dudas que el artículo citado exige *expresamente* "circunstancias especiales debidamente sustentadas en la petición de *certiorari*" para prorrogar el plazo de treinta (30) días de cumplimiento estricto. El Tribunal de Circuito no goza de discreción para obviar este requisito. Su texto no tiene visos de ambigüedad y es claro en su contenido con respecto a cuándo procede la extensión de tal término.

█ Sobre el particular hemos reiterado el principio de que el texto claro de la ley es la intención legislativa. En estos casos, la letra no debe ser menospreciada bajo el pretexto de cumplir con su espíritu. *Sist. Univ. Ana G. Méndez v. C.E.S. II*, 142 D.P.R. 558 (1997). Véanse, además: *Mun. San Juan v. Banco Gub. Fomento*, 140 D.P.R. 873 (1996); *Cotto v. Depto. de Educación*, 138 D.P.R. 658 (1995); *Col. Int'l Sek P.R., Inc. v. Escribá*, 135 D.P.R. 647 (1994), y *Torres v. Alcalde Mun. de Carolina*, 135 D.P.R. 108 (1994).

█ En atención a lo antes dicho se puede colegir que el término dispuesto en el Art. 4.002(f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, *supra*, no es jurisdiccional sino de cumplimiento estricto. Esto no significa que el Tribunal de Circuito automáticamente goza de discreción para prorrogarlo. El poder para ejercer tal discreción surge sólo cuando la parte que lo solicita demuestra justa causa para la tardanza. *En ausencia de tales circunstancias, dicho tribunal carece de discreción para prorrogar el término y, por ende, acoger el recurso de certiorari ante su consideración.*

█ De otra parte, el término *discreción* ha sido definido como: "Sensatez para formar juicio y tacto para hablar u obrar." *Diccionario de la Lengua Española*, 21ra ed., Madrid, Ed. Espasa-Calpe, 1992, pág 536. En nuestro ordenamiento jurídico, sin embargo, *discreción* es "una forma

de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera". *Pueblo v. Sánchez González*, 90 D.P.R. 197, 200 (1964). Véase, además, *Pueblo v. Ortega Santiago*, 125 D.P.R. 203, 211 (1990). Resulta pues, evidente, que dentro del ámbito judicial, el mencionado concepto " *'no significa poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho"*. (Énfasis suplido y en el original.) *Pueblo v. Sánchez González*, supra, pág. 211. Ciertamente, esto constituiría un abuso de discreción.

Respecto al abuso de discreción, en *Pueblo v. Ortega Santiago*, supra, pág. 214, dijimos que:

> El juez, so pretexto de ejercer su discreción, no puede olvidarse de, ni relegar a un segundo plano, los mandatos y dictados de nuestra Constitución y los de las leyes, pertinentes a la cuestión en controversia, que han tenido a bien promulgar los funcionarios de las Ramas Legislativa y Ejecutiva .... Los tribunales estamos autorizados a interpretar las leyes cuando, entre otras, éstas no son claras o concluyentes sobre un punto en particular; cuando el objetivo, al realizarlo, es el de suplir una laguna en la misma; o cuando, con el propósito de mitigar los efectos adversos de la aplicación de una ley a una situación en particular, la justicia así lo requiere. *Estamos impedidos, sin embargo, de obviar los mandatos claros y específicos de una ley cuando la misma es constitucionalmente válida.* (Énfasis en el original suprimido y suplido.)

### III

Como ya expresáramos, en el caso de autos el Municipio interpuso un recurso de *certiorari* en el Tribunal de Circuito, al amparo del Art. 4.002(f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, *supra*. Dicho tribunal, aunque reconoció que el recurso estaba tardío *y que no se presentaron razones para justificar la dilación,* decidió que por la importancia del asunto podía y debía ejercer su facultad discrecional y acogerlo.([2])

---

([2]) Tratándose de la revisión de una determinación interlocutoria, el Municipio de Aguadilla no se ha quedado sin la oportunidad de revisar el dictamen del foro de

Ese fue precisamente el error que cometió el Tribunal de Circuito en el caso de autos. Desplegó la facultad discrecional que le confiere la Ley de la Judicatura de Puerto Rico de 1994, exclusivamente a base de criterios totalmente ajenos a los establecidos por dicha ley. Al así actuar, abusó de su discreción para acoger el recurso de *certiorari.*

### IV

En virtud de todo lo antes expuesto, y habiendo incurrido el Tribunal de Circuito de Apelaciones, Circuito Regional de San Juan, en un abuso de discreción al acoger la petición de *certiorari* del Municipio de Aguadilla, presentada en abierta violación a lo establecido en el Art. 4.002(f) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, *supra, se dictará sentencia revocando la emitida por el Tribunal de Circuito de Apelaciones. Se devuelve el caso al foro de instancia para que continúe con los procedimientos.*

El Juez Asociado Señor Rebollo López concurrió sin una opinión escrita. Los Jueces Asociados Señores Negrón García y Fuster Berlingeri no intervinieron.

---

instancia. Podrá revisarlo cuando se dicte la sentencia final, si ésta resulta adversa y aún estima importante revisar la determinación interlocutoria por afectar ésta la decisión del caso.