ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| NICOLE P. ORTIZ GONZÁLEZ  Peticionarios  v.  MANUEL A. QUIÑONES RIVERA  Recurrido | **KLCE202400338** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Aguadilla  Civil Núm.: AL20180183 (405)  Sobre: Alimentos Privación de Patria Potestad |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 28 de mayo de 2024.

Comparece ante este foro la Sra. Nicole P. Ortiz González (señora Ortiz o "la peticionaria") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Aguadilla, notificada el 22 de febrero de 2024. Mediante esta, el foro primario declaró *NO HA LUGAR* a una solicitud instada por la peticionaria para que el foro primario declarase admitido un requerimiento de admisiones enviado al Sr. Manuel A. Quiñones Rivera (señor Quiñones o "el recurrido").

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el recurso de *certiorari* de epígrafe.

### I.

El 27 de noviembre de 2023, la señora Ortiz presentó una *Petición de Privación de Patria Potestad* en contra del señor Quiñones.[1] En síntesis, esbozó que desde el

---

[1] *Petición de Privación de Patria Potestad*, anejo II, págs. 6-12 del apéndice del recurso.

2019 el foro primario le otorgó la custodia del menor A.M.Q.O. A su vez, que, desde el nacimiento del menor, el recurrido nunca se ha relacionado con éste, como tampoco ha cumplido con su obligación de proveer la pensión alimentaria, entre otros factores. Por lo tanto, solicitó le fuera privada la patria potestad que ostenta el recurrido sobre el menor A.M.Q.O.

Posteriormente, el 27 de diciembre de 2023, la peticionaria le cursó al señor Quiñones -vía correo electrónico- una moción informativa y requerimiento de admisiones.[2]

Por su parte, el 4 de enero de 2024, el recurrido presentó *Moción por Propio Derecho*.[3] En dicha moción, indicó "se entregan documentos evidenciando desempleo [e] interrogatorio de pruebas."

Evaluada la moción presentada por la peticionaria solicitando que se dieran por admitidos los requerimientos de admisiones, el 29 de enero de 2024, el foro primario expidió una *Resolución y Orden*, concediéndole 10 días al recurrido para que mostrara causa por la cual no debía conceder lo solicitado por la peticionaria.[4]

El 31 de enero de 2024, el señor Quiñones presentó una *Moción por Propio Derecho*, mediante la cual sostuvo que el 4 de enero de 2024, había contestado el requerimiento de admisiones.[5]

---

[2] Véase, anejo III, págs. 13-16 del apéndice del recurso.
[3] *Moción por Propio Derecho*, anejo II, págs. 4-6 del ápéndice del recurso en oposición.
[4] *Resolución y Orden*, anejo IV, págs 17-18 del apéndice del recurso.
[5] *Moción por Propio Derecho*, anejo V, pág. 10 del apéndice del recurso de oposición.

El 20 de febrero de 2024, el foro primario aceptó al Lcdo. Raymond Sánchez como representante legal señor Quiñones.[6]

El 22 de febrero de 2024, el foro primario notificó una *Resolución* mediante la cual declaró *NO HA LUGAR* la solicitud de dar por admitido el Requerimiento de Admisiones presentado por la señora Ortiz.[7] Dispuso que, "las deficiencias en las contestaciones al descubrimiento de prueba que pudiera tener el demandado no han causado perjuicio a la parte demandante o al menor que nos mueva a conceder la solicitud de dar por admitido el requerimiento de admisiones."

Posteriormente, el 28 de febrero de 2024, el representante legal del señor Quiñones le envió a la peticionaria -por correo electrónico- las contestaciones al requerimiento de admisiones.[8]

De igual forma, el recurrido presentó *Moción Informativa* mediante la cual informó que le había remitido a la peticionaria la contestación al requerimiento de admisiones.[9] Así pues, el 28 de febrero de 2024, el foro primario dio por cumplida la Orden.[10]

Inconforme, el 21 de marzo de 2024, la señora Ortiz presentó un recurso de *certiorari* y formuló los siguientes señalamientos de error:

> PRIMER SEÑALAMIENTO DE ERROR: Erró el Honorable Tribunal de Primera Instancia al declarar NO HA LUGAR la Solicitud de que se Den por Admitidos los Requerimientos de Admisiones presentada por la parte demandante-recurrente.
>
> SEGUNDO SEÑALAMIENTO DE ERROR: Erró el Honorable Tribunal de Primera Instancia al fundamentar su denegatoria bajo el

---

[6] *Orden*, anejo I, pág. 1 del apéndice del recurso.
[7] *Resolución*, anejo I, págs. 1-5 del apéndice del recurso.
[8] Véase, anejo V, págs. 19-21 del apéndice del recurso.
[9] *Moción Informativa*, anejo V, pág. 22 del apéndice del recurso.
[10] *Orden*, anejo VI, pág. 23 del apéndice del recurso.

siguiente criterio; "las deficiencias en las contestaciones al descubrimiento de prueba que pudiera tener el demandado no han causado perjuicio a la parte demandante o al menor que nos mueva a conceder la solicitud de dar por admitido el requerimiento de admisiones."

TERCER SEÑALAMIENTO DE ERROR: Erró el Honorable Tribunal de Primera Instancias al interpretar la Regla 33 de Procedimiento Civil de manera estricta y literal, ordenando que se den por admitidos los Requerimiento de Admisiones, cuando los mismos no son contestados dentro del término de 20 días dispuesto por dicha regla.

CUARTO SEÑALAMIENTO DE ERROR: Erró el Tribunal al, prorrogar el termino de 20 días dispuesto en la Regla 33 de Procedimiento Civil. Lo anterior a pesar de que dicho termino ya había vencido.

Por su parte, el 18 de abril de 2024, el señor Quiñones presentó su *Oposición a que se Expida el Auto de Certiorari*. En esencia, sostuvo que el foro primario actuó dentro de su amplia discreción y facultad que le otorga el Tribunal Supremo de Puerto Rico.

El 29 de abril de 2024, la peticionaria presentó *Réplica a Oposición a Alegato de Certiorari*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del asunto ante nuestra consideración.

**II.**

**-A-**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**-B-**

La discreción es la facultad de los tribunales de justicia para resolver de una forma u otra y de escoger entre varios cursos de acción. *W.M.M., P.F.M. et als. v. Colegio et als.,* 211 DPR 871 (2023); *Citibank et al v. ACBI et al,* 200 DPR 724, 735 (2018). Al foro primario

se le reconoce una amplia discreción, por ello, sus decisiones merecen gran deferencia, debido a que es el foro que conoce las particularidades del caso, tiene contacto con los litigantes y examina la prueba. La única limitación es que la medida sea adecuada y razonable. El ejercicio adecuado de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad. *Pueblo v. Gastón Torres*, 139 DPR 314 (1995).

Así pues, la discreción es una forma de razonabilidad aplicada al discernimiento judicial con el propósito de llegar a una conclusión justiciera. *Ramírez Ferrer v. Policía de PR,* 158 DPR 320 (2002); *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651 (1997). Se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. Los tribunales apelativos no debemos intervenir con las determinaciones discrecionales del foro primario con el objetivo de sustituir su criterio por el nuestro. No obstante, esa deferencia cede, cuando el Tribunal de Primera Instancia (1) actúa con perjuicio o parcialidad, (2) en craso abuso de discreción o (3) error manifiesto. *Citibank et al v. ACBI et al*, supra.

Ahora bien, no resulta fácil precisar cuándo un Tribunal abusa de su discreción. Como sabemos, existen ciertas guías para poder determinar cuándo un tribunal ha abusado de su discreción. *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009). Así pues, un tribunal incurrirá en un abuso de discreción, cuando el juez no toma en cuenta e ignora en la decisión que emite - sin fundamento para ello - un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario -

sin justificación ni fundamento alguno - concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante, considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *W.M.M., P.F.M. et als. v. Colegio et als.*, supra.

### III.

Debemos comenzar por destacar que los foros revisores reconocemos amplia discreción a los foros de primera instancia para determinar el modo en que dirigen el trámite de los casos ante su consideración, de cara a la adjudicación final que, en su día, hagan de estos. De este modo, es preciso subrayar que nuestro Tribunal Supremo ha sido enfático en que, como foros revisores, no debemos intervenir con las actuaciones de los foros primarios, en ausencia de que hayan actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho. Incluso, ha dispuesto que, en el caso de las actuaciones discrecionales, solo estaríamos en posición de intervenir para variar el dictamen, si el foro primario abusó de su discreción.

Como bien lo ha interpretado nuestro Tribunal Supremo, la discreción a la hora de actuar debe estar regida por su estrecha relación con el concepto de razonabilidad. En el caso de auto, y en virtud de los señalamientos de error formulados, la señora Ortiz cuestionó, en esencia, que el foro de instancia incidió al prorrogar el término para que el recurrido contestara el requerimiento de admisiones, cuando ya había transcurrido el plazo dispuesto en la Reglas de Procedimiento Civil. Por lo tanto, solicita que se

revoque la *Resolución* notificada el 22 de febrero de 2024, y se diera por admitido el requerimiento de admisiones.

Así las cosas, a base de un análisis cuidadoso de los argumentos formulados por la señora Ortiz en el recurso de epígrafe, así como de la totalidad del expediente, no estamos en posición de concluir que dicha actuación fuese irrazonable, a la luz de la totalidad de las circunstancias. Consecuentemente, tampoco podemos afirmar que dicha actuación fuese el resultado de abuso de discreción por parte del foro primario. Consecuentemente, procede denegar el auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto discrecional solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones