Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| RUBÉN SERGIO SOLANOT, CYNTHIA RUTH SOLANOT<br><br>Recurridos<br><br>v.<br><br>OMAR SAFAR HALABI<br><br>Peticionario | KLCE202500164 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Municipal de San Juan<br><br>Caso Núm.: SJL121-2024-4154<br><br>Sobre: Ley 121 |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de junio de 2025.

Comparece el Sr. Omar Safar Halabi (parte peticionaria o Sr. Safar Halabi) y solicita que revoquemos la *Orden de Protección para el Adulto Mayor[1],* expedida el 17 de enero de 2025, por el Tribunal de Primera Instancia, Sala Municipal de San Juan, en contra del peticionario y a favor del Sr. Rubén Sergio Solanot y la Sra. Cyntia Ruth Solanot (en adelante los esposos Solanot o los recurridos). La vigencia de dicha orden finaliza el **próximo 17 de julio de 2025**.

Luego de evaluar el recurso y escritos posteriores presentados por el peticionario – **y ante el hecho de que la orden de protección aquí recurrida está próxima a vencer**– optamos por prescindir de los términos, escritos o procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7(B)(5). En virtud de lo anterior, denegamos la expedición del *certiorari* incoado.

---

[1] La referida orden se expidió al amparo de la Ley Núm. 121 del 1 de agosto de 2029, conocida como la *Ley de Carta de Derechos y la Política Pública del Gobierno a favor de los Adultos Mayores*.

Número Identificador
RES2025_____

**I.**

El 24 de julio de 2024, los esposos Solanot, por medio de su representación legal, presentaron una *Petición de Orden de Protección para el Adulto Mayor* en la Sala de Investigaciones del Tribunal de Primera Instancia, Sala de San Juan. La referida petición fue acompañada de una hoja titulada *Hechos* en la que, en síntesis, exponen que han sido objeto de un patrón de hostigamiento por parte del Sr. Safar Halabi. Detallaron que dicho hostigamiento consiste en correos electrónicos difamatorios y amenazantes, y vigilar constantemente a los recurridos. Señalaron que, a partir del año 2022, se han expedido de manera consecutiva varias órdenes de protección a favor de estos.[2] Aun así, alegaron que el Sr. Safar Halabi ha continuado con el patrón de hostigamiento y amenazas. Especificaron que ahora los hostiga amenazándolos que usará el sistema judicial en su contra. Al respecto, puntualizaron que el último incidente consistió en un correo electrónico que el Sr. Safar Halabi les cursó en el que expresó lo siguiente:

> I just wanted to tell you the moment you lied under oath to try to put me in prison and apply a felony conviction **is the moment I decided to dedicate the rest of my life to get justice against you through the legal system. You will not get away with it. You and your wife are the most deplorable individuals I have ever met.**[3]

Los esposos Solanot añadieron que se sienten constantemente vigilados por el Sr. Safar Halabi, pues ambas partes residen en la misma comunidad y sus residencias son contiguas. Solicitaron se expidiera orden de protección a su favor y cualquier otro remedio que procediera en derecho. Evaluada la petición, el 24 de julio de 2024, el TPI expidió, de manera *ex parte*, la orden de protección

---

[2] Estos informaron que se han expedido varias órdenes de protección en contra del Sr. Safar Halabi (SJL2842022-02814, SMLV2842023-00465 y SJL284-2023-4077).

[3] Apéndice del recurso, pág. 29. (Énfasis nuestro).

solicitada por los esposos Solanot en contra del Sr. Safar Halabi y señaló vista presencial para el 22 de agosto de 2024.[4]

Llegado el día de la vista, el TPI, luego de escuchar el testimonio de los esposos Solanot, extendió la Orden de Protección *Ex Parte* por un término de seis (6) meses, a vencer el 7 de enero de 2025.

El 20 de noviembre de 2024, se diligenció la citación al Sr. Safar Halabi para que compareciera a la vista final.[5]

El 17 de enero de 2025, se celebró la vista final. Ambas partes comparecieron representadas por sus abogados.[6] Desfilada la prueba testifical, el TPI expidió la *Orden de Protección para el Adulto Mayor.* En esta, el foro primario consignó las siguientes determinaciones de hecho[7]:

> Escuchada la prueba y creída se dan los elementos de Ley 121. Peticionado vecino alteró la paz y tranquilidad de los peticionarios, adultos mayores. El 28 de junio de 2024, peticionado envió al peticionario mensaje amenazante a través de correo electrónico [,] a pesar que entre las partes, caso previos (sic) SJL284-2022-2814 en el que se expidió orden de protección a favor de los peticionarios por un año. Peticionado conocía que los peticionarios no deseaban comunicación con él y que debía abstenerse de interferir o comunicarse con estos, además, el peticionado expresamente admi[t]e haber enviado el correo electrónico por el caso criminal relacionado en el que se e[xpi]dió orden de protección a favor de los peticionarios, quienes temen por su seguridad y la seguridad de su familia, al punto que decidirán vender la casa.

Además, el TPI concedió los siguientes remedios[8]:

> Peticionado debe abstenerse de acercarse o penetrar la residencia de los peticionarios. Peticionado es vecino, por tanto, no se limita el uso y acceso a áreas comunes, a menos que se encuentren los peticionarios o algún miembro de su familia.

El 21 de enero de 2025, el TPI enmendó la orden, a los únicos efectos de marcar la letra (e) del inciso 12, el cual prohíbe a la parte

---

[4] Apéndice del recurso, págs. 7-10.
[5] *Íd.*, págs. 26-27.
[6] Los esposos Solanot estuvieron representados por la Lcda. Ileana M. Rivera Torres. El Sr. Safar Halabi estuvo representado por el Lcdo. Héctor Olán Batista.
[7] Apéndice del recurso, pág. 5.
[8] *Íd.*

peticionada comunicarse con la parte peticionaria por cualquier medio ya sea verbal, escrito, telefónico, electrónico o cualquier otro método de comunicación; por sí misma o a través de terceras personas.[9]

Insatisfecho con el dictamen, el Sr. Safar Halabi acude ante este foro apelativo y formuló los siguientes señalamientos de error:

> PRIMER SEÑALAMIENTO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA MUNICIPAL DE SAN JUAN, AL EXPEDIR UNA ORDEN EX PARTE SIN CUMPLIR CON LOS REQUISITOS LEGALES.
>
> SEGÚNDO SEÑALAMIENTO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE SAN JUAN, AL EXPEDIR UNA ORDEN DE PROTECCIÓN EX PARTE EXCEDIENDO EL TÉRMINO PERMITIDO EN LEY PARA LA CELEBRACIÓN DE LA VISTA.
>
> TERCER SEÑALAMIENTO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA MUNICIPAL DE SAN JUAN, AL ATENDER LA VISTA SIN TENER JURISDICCIÓN SOBRE LA PERSONA, HACIENDO CASO OMISO A LAS OBJECIONES DE LA PARTE [PETICIONADA].
>
> CUARTO SEÑALAMIENTO DE ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA SALA MUNICIPAL DE SAN JUAN, AL EXPEDIR UNA ORDEN DE PROTECCIÓN MEDIANDO PARCIALIDAD, PERJUICIO Y ERROR MANIFIESTO.

Junto con su recurso, este presentó una *Moción Solicitando Autorización para que se Permita Transcribir Prueba Oral.* Ante el hecho de que el Sr. Safar Halabi cuestiona la apreciación de la prueba oral desfilada en las vistas, el 6 de marzo de 2025, emitimos una *Resolución* en la que le concedimos hasta el 20 de marzo de 2025 para presentar la referida transcripción.

El 20 de marzo de 2025, el Sr. Safar Halabi presentó *Moción Sobre Transcripción de la Prueba, en Solicitud de Término Adicional y Aclaratoria,* la cual acompañó con la transcripción de la vista *ex parte* celebrada el 24 de julio de 2024; no así la transcripción de la vista final celebrada el 17 de enero de 2025. Al respecto, el Sr. Safar

---

[9] *Íd.,* pág 3.

Halabi alegó que el audio provisto por el TPI correspondiente a la vista final celebrada el 17 de enero de 2025 era inaudible, por lo que no pudieron presentar la transcripción. Por ello, solicitó treinta (30) días adicionales "para hacer las gestiones para la presentación de la transcripción de la prueba". Mediante *Resolución* emitida el 10 de abril de 2025, concedimos al Sr. Safar Halabi hasta el 28 de abril de 2025, para presentar la transcripción de la referida vista y un término de treinta (30) días[10] para presentar su alegato suplementario. Además, apercibimos al Sr. Safar Halabi que la orden de protección aquí recurrida continuaba en pleno vigor hasta el 17 de julio de 2025. Asimismo, ordenamos notificar la resolución directamente al Sr. Safar Halabi a la dirección consignada en el expediente apelativo.

Así las cosas, el 28 de abril de 2025, el representante legal del Sr. Safar Halabi[11] presentó una *Urgente Moción sobre Renuncia de Representación Legal.* Primero, expuso que no ha sido posible obtener una transcripción de la vista del 17 de enero de 2025. Luego, explicó que entre él y su representado surgieron diferencias irreconciliables en la forma de manejar la transcripción de la prueba oral. Añadió que la relación profesional estaba plagada de falta de confianza y comunicación, lo que ha quebrantado la relación de abogado-cliente y le impide continuar con la representación legal del Sr. Safar Halabi. Añadió que éste conocía el estado de los procedimientos del caso.

El 8 de mayo de 2025, emitimos *Resolución* aceptando la renuncia del Lcdo. Javier Rivera Vaquer y, concedimos al Sr. Safar Halabi hasta el **10 de junio de 2025, como término final e improrrogable,** para anunciar nueva representación legal, presentar la transcripción de la vista del 17 de enero de 2025 y su

---

[10] Contados a partir de la presentación de la transcripción de la prueba.
[11] Lcdo. Javier Rivera Vaquer.

alegato suplementario, advirtiéndole que su incumplimiento sería causa suficiente para desestimar el recurso. Recabamos que los términos concedidos fueron reducidos ante la realidad de que la orden de protección recurrida vence el 17 de julio de 2025 y reiteramos que ésta continuaba en pleno vigor. La resolución fue notificada directamente al Sr. Safar Halabi.

El 10 de junio de 2025, último día del término concedido, el Sr. Safar Halabi, a través de su nueva representación legal[12], presentó *Moción Asumiendo Representación Legal,* en la que anunció a su nuevo abogado. En igual fecha, presentó *Urgente Moción en Cumplimiento de Resolución, Informativa y en Solicitud de Breve Prórroga,* la que acompañó con una transcripción de la vista del 17 de enero de 2025. En esta, expuso que la transcripción presentada está <u>incompleta</u> debido a problemas con el audio provisto por el TPI.[13] Alegó que recibió un nuevo audio de la referida vista, por lo que **solicitó un término adicional** de quince (15) días para presentar la transcripción "completa" y el alegato suplementario.

Evaluado el recurso y escritos presentados, tomamos conocimiento de la nueva representación legal del Sr. Safar Halabi y declaramos no ha lugar la solicitud de prórroga presentada el 10 de junio de 2025.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[14]

---

[12] Lcdo. Francisco J. Villarrubia y Lcdo. Diego Corral González.
[13] Junto con la moción, acompañaron una carta fechada el 9 de junio de 2025—un día antes del vencimiento del término final concedido—suscrita por el transcriptor contratado por el Sr. Safar Halabi, para sustentar lo alegado.
[14] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[15] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

---

[15] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[16]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[17] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación

---

[16] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

o aplicación de cualquier norma procesal o de derecho sustantivo.[18] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[19]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'".[20] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[21] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[22]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción

> […] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[23]

### III.

En su recurso, el Sr. Safar Halabi señala que el foro primario incidió al expedir la orden de protección aquí recurrida. En resumen, este entiende que el trámite y expedición de la orden de protección fue contraria a derecho pues, entre otras alegaciones, entiende que el foro primario incidió al determinar que el correo electrónico cursado a los esposos Solanot constituye una amenaza según

---

[18] *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, supra, pág. 155.

[19] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[20] *Rivera et al. v. Arcos Dorados et al.*, supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657–658 (1997).

[21] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.

[22] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.

[23] *SLG ZapataRivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).

definido en la Ley 121-2019, *supra*. La contención de este es que, mediante las órdenes de protección emitidas, el TPI incurrió en abuso de discreción, prejuicio, parcialidad y un fracaso irremediable de la justicia.

Sin embargo, según se observa del trámite procesal apelativo del presente caso, este Tribunal confirió múltiples oportunidades al Sr. Safar Halabi para que presentara la transcripción completa de la prueba oral, para así poner en posición a este Foro para evaluar las determinaciones de hechos y conclusiones de derecho consignadas en la orden de protección recurrida. El Sr. Safar Halabi nunca presentó la aludida transcripción. Siendo así, este Tribunal cuenta con meras alegaciones para justipreciar los asuntos planteados por el peticionario.

Cual expuesto, la Regla 52.1 de Procedimiento Civil, *supra,* permite, por excepción, que este Tribunal revise resoluciones u órdenes interlocutorias dictadas por el TPI en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Sin embargo, la expedición del recurso de *certiorari* es un ejercicio discrecional y tal discreción tiene que ajustarse a los criterios dispuestos en la Regla 40 del Reglamento de este Tribunal, *supra.*

Al examinar los argumentos esbozados por el Sr. Safar Halabi, y tras un análisis del tracto procesal que motiva la presentación del recurso de epígrafe, a la luz de los criterios establecidos en la Regla 40 del Reglamento de este Tribunal, no encontramos razón alguna para intervenir con la discreción del tribunal en esta etapa de los procedimientos. La orden de protección impugnada resulta razonable y no denota un abuso de discreción por parte del tribunal recurrido. Ante la ausencia de una transcripción completa de la prueba oral, el Sr. Safar Halabi no nos puso en posición de poder atender su reclamo, mediante la evaluación de la prueba.

En resumen, el peticionario no demostró que el TPI actuara con prejuicio o cometiera un error manifiesto en su determinación. Mucho menos justificó que estemos ante una situación en la que, al expedir el recurso de *certiorari,* se evitaría un fracaso de la justicia.

Por tanto, ante la ausencia de justificación para intervenir con el dictamen recurrido, denegamos la solicitud de prórroga presentada por el Sr. Safar Halabi, así como la expedición del auto de *certiorari.*

**IV.**

Por los fundamentos anteriormente expuestos, denegamos la expedición del auto de *certiorari.*

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones