ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>LUIS RAMÓN RAMOS ALEMÁN<br><br>Peticionario | **KLCE202500580** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Aguadilla<br><br>Civil Núm.: A IS2019G0009<br><br>Sobre: Art. 144-E C.P.P.R. Art. 144 C.P.P.R. Art. 133 C.P.P.R. |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico a 12 de agosto de 2025.

Comparece ante este foro el Lcdo. José M. Pérez Villanueva (Lcdo. Pérez), abogado de oficio del Sr. Luis R. Ramos Alemán (señor Ramos) y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, notificada el 24 de abril de 2025. Mediante el referido dictamen, el foro primario dejó sin efecto la *Resolución* para el pago de honorarios emitida el 15 de noviembre de 2022.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** el recurso de epígrafe.

### **I.**

Según surge del expediente, el Lcdo. Pérez fue asignado como Abogado de Oficio a favor del señor Ramos desde el 2 de mayo de 2019 hasta la lectura de *Sentencia* el 29 de abril de 2021.

El 9 de marzo de 2022, el Lcdo. Pérez presentó una *Moción en Cumplimiento de Orden*, con la cual anejó la

*Moción Continuación (Excede 30 horas trabajadas).*[1] Así pues, solicitó se procediera con el pago correspondiente de las horas trabajadas.

El 25 de abril de 2022, el foro primario emitió una *Resolución* certificando que se le debía rembolsar al Lcdo. Pérez la cantidad de $195.00 en concepto de compensación por servicios legales prestados de oficio.[2]

Posteriormente, el 14 de noviembre de 2022, el foro recurrido emitió una *Resolución*, en la que ordenó al Estado a pagarle $1,747.50 a favor del Lcdo. Pérez en concepto de compensación por los incurridos durante la representación legal del acusado.[3]

Asimismo, el 15 de noviembre de 2022, el Juez Administrador Regional emitió una *Resolución*, mediante la cual dispuso que el Lcdo. Pérez cumplió con las reglas del *Reglamento para la Asignación de Abogados y Abogadas de Oficio en Procedimientos de Naturaleza Penal*, por lo que, declaró *Ha Lugar* el pago de honorarios de abogado de oficio.[4]

Posteriormente, el Lcdo. Pérez presentó varias mociones solicitando el pago de honorarios. No obstante, el 17 de abril de 2024, el foro *a quo* emitió una *Orden*, en la que le señaló al Lcdo. Pérez que debía dar seguimiento sobre el pago, directamente a la Directora de Programas Judiciales, quien tenía a su cargo todo lo relacionado con las designaciones de oficio.[5]

---

[1] *Moción en Cumplimiento de Orden*, págs. 12-14 del apéndice del recurso.
[2] *Resolución*, págs. 4-5 del apéndice del recurso.
[3] *Resolución*, págs. 6-7 del apéndice del recurso.
[4] *Resolución*, págs. 9-10 del apéndice del recurso.
[5] Véase, págs. 15-18 del apéndice del recurso.

El 18 de noviembre de 2024, el Lcdo. Pérez presentó nuevamente una moción solicitando el desembolso de correspondiente, e indicó que aun comunicándose con la Directora de Programas Judiciales, no había recibido el pago.

Finalmente, el 24 de abril de 2025, el foro primario notificó la *Resolución* recurrida.[6] En esta, indicó que el 14 de abril de 2025 habían recibido una comunicación de la Asesora Legal del Programa para la Asignación de Abogados de Oficio, quien le informó que no procedía el pago de los honorarios reclamados, puesto que, de la documentación examinada no podían concluir o validar que el Lcdo. Pérez prestara 30 horas de servicio gratuito en cada uno de los años naturales correspondientes al 2019, 2020 y 2021. Añadió que, el Lcdo. Pérez prestó un total de 19.5 horas de servicio gratuito en el 2019; un total de 20 horas en el 2020; y 7 horas en el 2021. Además, que no constaba documentación adicional que permitiera validar horas adicionales de servicio gratuito. Así las cosas, dejó sin efecto la *Resolución* para el pago de honorarios emitida el 15 de noviembre de 2022.

Inconforme, el 20 de mayo de 2025,[7] el Lcdo. Pérez presentó el recurso de epígrafe y señaló los siguientes errores:

> Erró el Honorable Tribunal de Primera Instancia, al determinar la falta de documentación adicional que permita validar horas adicionales de servicio gratuito.

> Erró el Honorable Tribunal de Primera Instancia, al determinar que no es viable agrupar los tres años naturales para cumplir con el parámetro de las 30 horas mínimas requeridas.

---

[6] *Resolución*, págs. 1-3 del apéndice del recurso.
[7] El 20 de mayo de 2025, el peticionario presentó el recurso de *certiorari* en el Tribunal de Primera Instancia, Sala Superior de Aguadilla. El 23 de mayo de 2025, fue recibido ante este Foro.

Erró el Honorable Tribunal de Primera Instancia, al no tomar en consideración 3 órdenes, mediante resoluciones, emitidas por 3 jueces distintos, ordenando el reembolso de la cuantía reclamada.

El 5 de junio de 2025 emitimos una *Resolución* concediéndole a la parte recurrida quince (15) días contados a partir de la fecha de presentación del recurso para que presentara su alegato en oposición.

El 17 de junio de 2025, el Pueblo de Puerto Rico, representado por la Oficina del Procurador General (Procurador) presentó una *Moción Informativa y Solicitud de Término*. En esta, señaló que no habían recibido copia del recurso presentado por el Lcdo. Pérez, por lo que, solicitaba se ordenara su acreditación de la notificación.

El 7 de julio de 2025, emitimos una *Resolución*, concediéndole al Lcdo. Pérez cinco (5) días, contados a partir de la notificación de la *Resolución* para que se expresara sobre la moción del Procurador.

En cumplimiento con nuestra orden, el 15 de julio de 2025, el Lcdo. Pérez presentó su moción, en la cual indicó que el 18 de junio de 2025, le notificaron el recurso de *certiorari* a la Oficina del Procurador General.

El 22 de julio de 2025, emitimos una *Resolución* mediante la cual le solicitamos al Lcdo. Pérez, que dentro del término de diez (10) días, contados a partir de la *Resolución*, mostrara causa por la cual no debíamos desestimar el recurso por falta de jurisdicción, ante la notificación tardía al Procurador.

El 31 de julio de 2025, el Lcdo. Pérez presentó su *Moción en Cumplimiento de Orden*.[8] En esencia, alegó que el recurso fue notificado a las partes que entendían tenían inherencia.

Luego de evaluar el recurso ante nuestra consideración, procedemos a resolver.

## II.

El *certiorari* como recurso procesal discrecional, permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. 32 LPRA sec. 3491; *800 Ponce de León Corp. v. American International Insurance, 20*5 DPR 163 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Si bien la determinación judicial sobre si expedir o no un *certiorari* es una decisión enteramente discrecional, tal discreción es un ejercicio racional que al aplicarse a la reflexión judicial persigue llegar a un resultado justo*. 800 Ponce de León Corp. v. American International Insu*, supra; *Bco. Popular de PR v. Mun. de Aguadilla*, 144 DPR 651, 657-658 (1977).

La Regla 52.1 de Procedimiento Civil delimita las instancias en que el Tribunal Apelativo ha de intervenir con las determinaciones del Tribunal de Primera Instancia. En lo pertinente dispone que;

> […]
>
> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por

---

[8] El Lcdo. Pérez no expresó justa causa para su incumplimiento con la Regla 33(B) del Reglamento del Tribunal de Apelaciones, según enmendado, indicó que no era una apelación en contra del acusado, sino en contra del representante legal, por concepto de honorarios pro bono.

excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Una vez establecida la facultad para revisar la determinación del foro primario, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, 2025 TSPR 42, ilustra nuestra determinación en cuanto a la expedición de un auto de *certiorari* a través de los criterios siguientes:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una

dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

En el caso de autos, el Lcdo. Pérez le atribuye al foro primario la comisión de tres (3) errores, por los cuales solicitó nuestra intervención. No obstante, por estar íntimamente relacionados, procedemos a discutirlos conjuntamente. En esencia, alega que incidió el foro primario al dejar sin efecto las pasadas resoluciones emitidas por jueces distintos, sobre el reembolso solicitado por las horas trabajadas como Abogado de Oficio.

Luego de evaluar la totalidad del expediente, concluimos que no se han producido las circunstancias que requieran nuestra intervención. Es decir, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, o contraria en derecho. Consecuentemente, tampoco podemos afirmar que dicha actuación fuese el resultado de abuso de discreción por parte del foro primario. Por tanto, procede denegar la expedición del auto discrecional solicitado.

### IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el recurso de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones