Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| CARLOS MANUEL CABRERA RIVERA<br>Parte Recurrida<br><br>v.<br><br>ILIANA VICENTE VARGAS<br>Parte Peticionaria | KLCE202500619 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Comerío<br><br>Civil Núm.: CR2023CV000364<br><br>Sobre: División de Comunidad |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de junio de 2025.

Comparece la señora Iliana Vicente Vargas (Sra. Vicente Vargas) y solicita que revoquemos la *Resolución y orden* emitida y notificada el 11 de abril de 2025, por el Tribunal de Primera Instancia (TPI), Sala de Carolina. Mediante el referido dictamen, el TPI denegó la moción de desestimación de la demanda fundamentada en falta de parte indispensable presentada por la Sra. Vicente Vargas.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos denegar la expedición del auto de *certiorari*, sin trámite ulterior.

### I.

El 31 de octubre de 2023, el señor Carlos Manuel Cabrera Rivera (Sr. Cabrera Rivera) presentó una demanda sobre división de comunidad contra la Sra. Vicente Vargas. En su reclamación, el Sr. Cabrera Rivera adujo que las partes sostuvieron una relación de concubinato por catorce años, periodo durante el cual éstos construyeron una residencia en una finca perteneciente a los padres

de la Sra. Vicente Vargas. El Sr. Cabrera Rivera alegó que esa casa es el único bien de la comunidad de bienes que alega se creó como consecuencia de la relación y que no desea permanecer en comunidad. Ante ello, solicitó la división del referido inmueble común.

El 6 de diciembre de 2023, la Sra. Vicente Vargas contestó la demanda y simultáneamente presentó reconvención. Aceptó que las partes construyeron la vivienda hace más de treinta años en terreno perteneciente a sus padres. Aclaró que, desde la separación, ocurrida hace quince años, la casa ha sido mantenida y mejorada a costa de su exclusivo pecunio. Por tanto, la Sra. Vicente Vargas pidió que se le reconociera un crédito por las mejoras que le realizó al inmueble.[1]

En respuesta a la reconvención, el Sr. Cabrera Rivera negó la existencia de mejoras a la propiedad por falta de información y/o creencia y, como defensa afirmativa, planteó que se realizara una valoración al inmueble.[2]

El TPI celebró varias vistas. En la vista de conferencia con antelación al juicio llevada a cabo el 12 de marzo de 2025, la representación legal de la Sra. Vicente Vargas arguyó que los padres de la demandada, y propietarios del solar en el que se encuentra enclavada la residencia, eran partes indispensables sin cuya presencia no podía adjudicarse la controversia. Ante ello, el Sr. Cabrera Rivera anunció que presentaría una solicitud para enmendar su demanda y traer al pleito a los padres de la demandada.[3]

---

[1] En vista de que no especificó la cuantía de las mejoras reclamadas, el 18 de enero de 2024, la Sra. Vicente Vargas enmendó su contestación a la demanda a los fines de indicar que el crédito por las mejoras a la propiedad ascendía a $6,000.00. El tribunal permitió la enmienda mediane orden notificada al día siguiente. *Íd.*, págs. 38-41.
[2] *Íd.,* págs. 27-28.
[3] *Íd.,* págs. 58-59.

No obstante, el 1 de abril de 2025, la Sra. Vicente Vargas presentó *Moción solicitando desestimación por falta de parte indispensable y dejar de exponer una reclamación que justifique la concesión de un remedio.*[4] En esencia, indicó que, conforme al Art. 758 del Código Civil, 31 LPRA sec. 7984, existe la presunción de que toda obra pertenece al propietario del terreno. En esa línea, arguyó que el inmueble no podía ser objeto de un proceso de partición hasta que se derrotara tal presunción y, para ello, según adujo, se requería que el propietario de la finca donde se encuentra la casa formara parte del proceso. Al no estar presente el dueño de la finca donde está la casa, aseveró que el Sr. Cabrera Rivera no tenía ningún remedio frente a la Sra. Vicente Vargas.

El 9 de septiembre de 2025, el Sr. Cabrera Rivera presentó *Moción en Oposición a Desestimación y en solicitud de permiso al tribunal para enmendar demanda.*[5] Explicó que la presunción aludida aplicaba a los casos de accesión, no siendo éste el reclamo del presente caso, dado que los dueños del terreno no estaban exigiendo a los edificantes de buena fe que adquirieran el terreno y tampoco interesaban hacer suya la casa. Argumentó que la liquidación de la comunidad habida entre las partes no afectaba el derecho de accesión de los dueños del terreno, que la facultad de ejercer el derecho de accesión era una exclusiva del dueño del terreno y no del que edifica, y que la sentencia que se dicte en su día no recaería sobre el terreno, sino solamente sobre la casa. Por otro lado, el Sr. Cabrera Rivera solicitó que se le permitiera enmendar la demanda para reclamar a la Sra. Vicente Vargas una suma por concepto de renta por el uso exclusivo de la propiedad. Por último, y en la alternativa, expuso que se le permitiera traer como terceros demandados a los padres de la Sra. Vicente Vargas

---

[4] *Íd.,* págs. 60-63.
[5] *Íd.,* págs. 65-69.

por ser los dueños del solar donde enclava la estructura objeto de la acción judicial.

La Sra. Vicente Vargas presentó una réplica a la oposición a desestimación y el Sr. Cabrera Rivera presentó una dúplica a la mencionada réplica.[6]

El 11 de abril de 2025, el TPI dictó la *Resolución y Orden* recurrida.[7] En el fundamentado dictamen, el TPI acogió el argumento del Sr. Cabrera Rivera. De tal forma, concluyó que el derecho de accesión de los dueños del solar donde enclava la estructura no se perjudicaría con la división de la comunidad de bienes de las partes. Por tanto, resolvió que los padres de la demandada no son partes indispensables en el pleito y que era posible continuar con los procedimientos sin su presencia. Así, el TPI denegó la moción de desestimación de la demanda por falta de parte indispensable presentada por la Sra. Vicente Vargas. El foro primario permitió la enmienda a la demanda solamente en cuanto a la solicitud de renta.[8]

El 28 de abril de 2025, la Sra. Vicente Vargas presentó una *Solicitud de reconsideración bajo la Regla 47 de Procedimiento Civil.* En dicho escrito, insistió en su planteamiento de desestimación por falta de parte indispensable. De otra parte, expuso que el Sr. Cabrera Rivera había asumido una postura contradictoria al anunciar que presentaría una solicitud para enmendar la demanda y luego solicitar que se le permitiera presentar una demanda contra terceros.[9]

El 5 de mayo de 2025, el TPI dictó *Resolución* fundamentada mediante la cual declaró no ha lugar la solicitud de

---

[6] *Íd.,* págs. 70-77.
[7] *Íd.,* págs. 80-82.
[8] El 11 de abril de 2025, el TPI dictó *Resolución y Orden Nunc Pro Tunc,* a los efectos de enmendar el epígrafe. *Íd.,* págs. 11-113.
[9] *Íd.,* págs. 84-98.

reconsideración.[10] También, el 5 de mayo de 2025, el TPI dictó una resolución mediante la cual aceptó la enmienda a la demanda para el reclamo de la renta.[11]

Insatisfecha aún, el 4 de junio de 2025, la Sr. Vicente Vargas instó el presente recurso en el que apuntó los siguientes señalamientos de error:

> Erró el TPI al no desestimar el caso al determinar que los dueños del terreno no son parte indispensable porque los edificantes hayan acordado entre ellos, con exclusión del titular, que la construcción fue en buena fe, obviando la norma jurídica de que "el dueño del suelo en el que se construye una estructura obtiene la propiedad de lo incorporado".

> Erró el TPI al no reconocer la contradicción de la parte demandante y al no aplicar la doctrina de impedimento procesal (judicial estoppel) al no tomar en consideración que la postura inicial del Recurrido, según las representaciones que le hizo al propio TPI, fue admitir que faltaba una parte indispensable y que iba a enmendar la demanda a esos efectos, para luego retractarse de su postura original.

El 5 de junio de 2025, el TPI emitió una *Resolución interlocutoria* mediante la cual paralizó los procedimientos en espera de la determinación de este Tribunal Apelaciones.

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[12]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[13] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia

---

[10] *Íd.*, págs. 106-109.

[11] *Íd.,* pág. 104.

[12] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[13] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[14]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[15] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[16] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[17]

La discreción judicial se define como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una

---

[14] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

[15] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

[16] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.

[17] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

conclusión Justiciera'".[18] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[19] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[20]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[21]

### c.

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula el mecanismo procesal de la acumulación de parte indispensable. En lo pertinente, dispone que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda". Una parte indispensable es "aquella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia".[22]

---

[18] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657–658 (1997).

[19] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.

[20] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.

[21] *SLG ZapataRivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).

[22] *FCPR v. ELA et al.,* 211 DPR 521, 531 (2023), citando a *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 46 (2014).

La Regla 16.1 de Procedimiento Civil, *supra,* pretende proteger las personas ausentes de los posibles efectos perjudiciales que pueda ocasionarles la resolución del caso, emitir una determinación completa y evitar la multiplicidad de pleitos.[23] Al determinar si una persona es una parte indispensable en un pleito, se requiere un enfoque pragmático e individualizado, a tenor con las particularidades de cada caso.[24] El tribunal deberá examinar los intereses envueltos y distinguir entre los diversos géneros de casos. A su vez, se deberá auscultar si podrá hacer justicia y conceder un remedio final y completo sin afectar los intereses del ausente.[25] La ausencia de una parte indispensable priva de jurisdicción al tribunal. Por consiguiente, la sentencia que se emita en ausencia de parte indispensable es nula.[26]

### III.

Tratándose el presente caso de la denegatoria de una moción de carácter dispositivo, la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta a expedir el auto solicitado. Sin embargo, ello está sujeto al ejercicio de nuestra discreción en atención a los criterios dispuestos en la Regla 40 de nuestro Reglamento, *supra.*

A la luz de dichos criterios, y tras revisar el recurso instado por la Sra. Vicente Vargas, resolvemos que no existe justificación alguna para intervenir con la resolución recurrida. Del trámite procesal del caso se desprende que, a la luz de lo argumentado por las partes en sus correspondientes escritos, el TPI determinó que no procedía la desestimación del pleito por falta de parte indispensable. Ello, porque no hace falta la presencia de los propietarios del solar en el que enclava la residencia objeto de la acción de división de comunidad para adjudicar si procede o no la partición.

---

[23] *RPR & BJJ, Ex parte,* 207 DPR 389, 407 (2021).
[24] *García Colón et al. v. Sucn. González,* 178 DPR 527, 549 (2010).
[25] *Pérez Rosa v. Morales Rosado,* 172 DPR 216, 223 (2007).
[26] *García Colón et al. v. Sucn. González,* supra, pág. 550.

La determinación impugnada resulta razonable y no denota un abuso de discreción por parte del foro primario. Además, la Sra. Vicente Vargas no demostró que el TPI abusara de su discreción, actuara con perjuicio o cometiera un error manifiesto en su determinación. Tampoco identificamos fundamento alguno que justifique expedir el auto de *certiorari* para evitar un fracaso de la justicia.

Por tanto, ante la ausencia de justificación para intervenir con el dictamen recurrido, nos abstenemos de intervenir en el asunto y denegamos expedir el auto de *certiorari.*

**IV.**

En virtud de lo antes expuesto, denegamos la expedición del auto de *certiorari.*

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones