Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| JOHN EDWARD HERZOG<br><br>Parte Recurrente<br><br>v.<br><br>DEWBERRY ENGINEERS, INC.; DEWBERRY AND DAVIS, INC.; THE DREWBERRY COMPANIES, INC. Y OTROS<br><br>Parte Recurrida | TA2025CE00176 | Certiorari procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: SJ2020CV03636<br><br>Sobre: Caída, Despido Injustificado (Ley Núm. 80), Ley de Represalia en el empleo (Ley Núm. 115-1991) |

Panel integrado por su presidente, el Juez Rivera Colón, Jueza Lebrón Nieves y Juez Rodríguez Flores

Rodríguez Flores, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 4 de septiembre de 2025.

El 21 de julio de 2025, el Sr. John Edward Herzog (peticionario) instó el presente recurso de *certiorari* acompañado de una *Urgente Moción en Auxilio de Jurisdicción*. En el recurso, solicita que se revoque la resolución emitida el 3 de junio de 2025, y notificada al día siguiente, por el Tribunal de Primera Instancia (TPI), Sala Superior de Bayamón. Mediante el referido dictamen, el TPI denegó la solicitud del peticionario para que el tribunal le permitiera utilizar las transcripciones de las deposiciones de cuatro (4) testigos, que se encuentran fuera de la jurisdicción, en sustitución de sus testimonios en el juicio. El TPI concluyó que el peticionario no adujo circunstancias excepcionales que justificaran la sustitución de los testimonios en sala.

También, el peticionario solicitó el auxilio de este foro para que ordenásemos la paralización del comienzo del juicio pautado para el 11 de agosto de 2025, hasta tanto se resolviera este recurso de *certiorari*.

El 22 de julio de 2025, este Tribunal notificó la resolución que ordenó la paralización de los procedimientos ante el TPI y concedió término a la parte recurrida para que presentara su posición respecto a los méritos del recurso.

Conforme ordenado, la parte recurrida, Dewberry Engineers, Inc., Dewberry and Davis, Inc. y The Dewberry Companies, Inc. (Dewberry), presentó su *Oposición a Petición de Certiorari* el 1 de agosto de 2025.

Así pues, evaluados los escritos de las partes litigantes, resolvemos denegar la expedición del auto de *certiorari* y dejar sin efecto la orden de paralización de los procedimientos ante el foro primario.

## I.

El recurso tiene su génesis en una demanda sobre despido injustificado y represalias presentada ante el TPI el 14 de julio de 2022, por el peticionario en contra Dewberry.

En lo atinente a la controversia planteada, el 19 de mayo de 2025, las partes presentaron una *Moción Conjunta para Enmendar el Informe Conjunto sobre Conferencia con Antelación a Juicio* en la que informaron, entre otros asuntos, que únicamente estipularon utilizar la transcripción de la deposición del Sr. Dave Francis en sustitución de su testimonio en sala.[1]

El 22 de mayo de 2025, el peticionario presentó una *Moción al Amparo de la Regla 40.6 de Procedimiento Civil* mediante la cual solicitó que se le permitiera someter las transcripciones de otros cuatro (4) de sus testigos anunciados en sustitución de sus testimonios en juicio - Sarah Vucci, Lisa Roger, Joseph Silvestre

---

[1] Véase expediente electrónico del caso SJ2020CV03636 del Sistema Unificado de Manejo y Administración de Casos (SUMAC), entrada 159.

Alaimo y Freddie Cary Parks- por éstos encontrarse fuera de la jurisdicción.[2]

El 2 de junio de 2025, el TPI emitió una orden mediante la cual autorizó el uso de las transcripciones de los mencionados cuatro (4) testigos en sustitución de sus testimonios en juicio. Sin embargo, Dewberry presentó una moción de *Reconsideración de Orden y Oposición a Moción al Amparo de la Regla 40.6 de Procedimiento Civil.* En ella, argumentó que el peticionario no podía invocar la Regla 40.6 de Procedimiento Civil, 32 LPRA Ap. V., R. 40.6, con el propósito de utilizar las transcripciones de las deposiciones en lugar de los testimonios en juicio de esos cuatro (4) testigos, porque tal planteamiento era tardío e inaplicable. Según arguyó Dewberry, para poder invocar la Regla 40.6 de Procedimiento Civil, *supra,* era necesario que las deposiciones se hubieran tomado conforme a una citación bajo esa regla, y no de manera voluntaria, como ocurrió en este caso.[3]

En la *Resolución* recurrida, el TPI declaró con lugar la solicitud de reconsideración de Dewberry y resolvió que los aludidos cuatro (4) testigos anunciados por el peticionario debían comparecer a declarar en el juicio. En su dictamen, el TPI expuso que "[n]o se han aducido circunstancias excepcionales por los cuales no estén disponibles, que nos permitan utilizar las transcripciones en sustitución de sus respectivos testimonios en corte abierta".[4] Por lo anterior, no autorizó el uso de las transcripciones de las deposiciones de Lisa Roger, Sarah Vucci, Joseph Silvestre Alaimo y Freddie Cary Parks en sustitución de sus testimonios. En dicha *Resolución,* el TPI también aclaró que las partes únicamente habían

---

[2] *Íd.,* entrada 162.
[3] *Íd.,* entrada 166.
[4] *Íd.,* entrada 167.

estipulado utilizar la transcripción de la deposición del Sr. Dave Francis en sustitución de su testimonio.[5]

El 21 de junio de 2025, notificada el 23 de junio de 2025, el TPI declaró *no ha lugar* la moción de reconsideración presentada por el peticionario.[6]

Inconforme, el 21 de julio de 2025, el peticionario acudió ante este foro mediante el presente recurso de *certiorari* y adujo el siguiente señalamiento de error:

> Incidió el TPI al denegar la solicitud del demandante-peticionario de utilizar las transcripciones de las deposiciones de Lisa Roger, Sarah Vucci, Joseph Silvestre Alaimo y Freddie Cary Parks en sustitución de su testimonio en juicio al amparo de la Regla 40.6 de Procedimiento Civil y ordenar su comparecencia para juicio cuando el TPI no tiene autoridad para compeler la comparecencia de testigos que se encuentran fuera de Puerto Rico.

En síntesis, alega que la Regla 40.6 de Procedimiento Civil, *supra*, – que dispone lo relacionado a la citación para la toma de la deposición de un testigo que se encuentra fuera de la jurisdicción- lo único que requiere para el uso de una transcripción de una deposición de un testigo en sustitución de su testimonio en juicio es que se encuentre fuera de Puerto Rico y que la deposición se haya tomado según lo establecido en la Regla 25.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 25.2. Arguye que la Regla 40.6 de Procedimiento Civil, *supra,* no requiere que coincida alguna de las circunstancias excepcionales enumeradas en la Regla 806 de Evidencia para testigos no disponibles. Basado en ello, suplica que se le permita utilizar en el juicio las transcripciones de las deposiciones de los cuatro testigos que se encuentran fuera de Puerto Rico, puesto que el TPI carece de autoridad para compeler la comparecencia de esos testigos cuyo testimonio alegó que es crucial para este caso.

---

[5] *Íd.*
[6] *Íd.,* pág. 170.

Por su parte, en la *Oposición a Petición de Certiorari,* Dewberry indica que el TPI actuó correctamente y conforme a derecho, por lo que se debe confirmar la Resolución recurrida. Señala que para que se pueda someter una transcripción de una deposición en sustitución del testimonio en sala es necesario que la persona testigo que se encuentra fuera de la jurisdicción del Estado Libre Asociado y haya sido citada a su deposición conforme a la Regla 40.6 de Procedimiento Civil, *supra,* porque, de lo contrario, habría que aplicar la Regla 806(5) de Evidencia, 32 LPRA Ap. VI, R. 806 (5), que requiere haber realizado esfuerzos razonables para citar a los testigos al juicio, como condición para que se autorice presentar las transcripciones de sus deposiciones como testigos no disponibles. Reseñó que los cuatro (4) testigos en cuestión comparecieron voluntariamente a sus respectivas deposiciones vía *Zoom*, y que igualmente podrían comparecer al juicio, que también será virtual. A su vez, precisa que fue el 22 de mayo de 2025, cuando el peticionario solicitó por primera vez que se le permita someter las cuatro (4) transcripciones; a menos de tres meses de la fecha pautada para el inicio del juicio.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[7]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.[8] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes

---

[7] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[8] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.*, 202 DPR 478, 486 (2019).

interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[9], se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[9] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[10]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[11] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[12] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[13]

---

[10] *Torres González v. Zaragosa Meléndez*, 211 DPR 821, 849 (2023).
[11] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).
[12] *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular*, supra, pág. 155.
[13] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'".[14] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad.[15] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[16]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[17]

### c.

Conforme a la Regla 40.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 40.6, el testigo que se encuentre fuera de la jurisdicción, puede ser citado a través de comisión o suplicatoria (carta rogatoria) dirigida a la autoridad competente del lugar donde se encuentre el testigo.[18] De igual modo, "[e]sta regla debe observarse conjuntamente con la Regla 25.2, por ser esta última la que enumera las personas o funcionarios autorizados para recibir el testimonio en el lugar donde se encuentre el testigo".[19] A esos efectos, Regla 25.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 25.2, dispone que:

---

[14] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 657–658 (1997).
[15] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.
[16] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.
[17] *SLG Zapata Rivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).
[18] Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial del Tribunal Supremo de Puerto Rico, 2008, pág. 483.
[19] *Íd.*

Fuera de la jurisdicción del Estado Libre Asociado de Puerto Rico se tomarán las deposiciones previa notificación:

(1) ante una persona autorizada a tomar juramentos en Puerto Rico o en el lugar donde se vaya a tomar la deposición;
(2) ante la persona o el funcionario o la funcionaria que pueda ser designado o designada por un tribunal mediante comisión para esos fines, o
(3) por medio de una suplicatoria.

Una comisión o suplicatoria será expedida solamente cuando sea necesario o conveniente, mediante petición, bajo los términos y de acuerdo con las instrucciones que sean justas y apropiadas. Los funcionarios o las funcionarias podrán designarse en las notificaciones o comisiones por su nombre o por su título descriptivo, y las suplicatorias podrán ser dirigidas "A la Autoridad Judicial Competente en (aquí el nombre del lugar)". La prueba obtenida como resultado de una suplicatoria no debe ser excluida meramente por el fundamento de que no constituye una transcripción *verbatim*, porque el testimonio no se tomó bajo juramento o por no cumplir con algún requisito similar a los exigidos para las deposiciones tomadas dentro de Puerto Rico.

### III.

Hemos evaluado la resolución cuestionada a la luz de las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Concluimos que no existe razón alguna conforme los criterios aludidos para intervenir con la determinación discrecional del foro recurrido, por lo que nos abstenemos de intervenir con el dictamen recurrido.

El peticionario no demostró que el TPI actuara con prejuicio o cometiera un error manifiesto en su determinación. Mucho menos, justificó que estemos ante una situación en la que, al expedir el recurso de *certiorari,* se evitaría un fracaso de la justicia. Nótese, que el TPI no excluyó los testimonios de los cuatro (4) testigos que se encuentran fuera de Puerto Rico, anunciados por el peticionario como prueba para establecer su reclamación.

Por tanto, ante la ausencia de justificación para intervenir con el dictamen recurrido, denegamos la expedición del auto de *certiorari.*

**IV.**

Por lo antes expuesto, denegamos la expedición del auto de *certiorari* y dejamos sin efecto nuestra *Resolución* del 21 de julio de 2025, que ordenó la paralización de los procedimientos del caso ante el foro primario. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones