Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| NORMA CABÁN ROMÁN<br><br>Parte Recurrida<br><br>v.<br><br>JOSÉ RAMÓN VALE PÉREZ<br><br>Parte Peticionaria | TA2025CE00593 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm. SJ2022CV00803<br><br>Sobre: Liquidación Comunidad de Bienes |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de octubre de 2025.

El 9 de octubre de 2025, el señor José Ramón Vale Pérez (Sr. Vale Pérez) presentó una *Moción de Auxilio,* en la que solicitó que ordenáramos la paralización de los procedimientos ante el Tribunal de Primera Instancia (TPI), Sala de Arecibo, específicamente la vista del juicio señalada para el 5 de noviembre de 2025, hasta tanto resolviéramos el recurso de *certiorari* incoado en la misma fecha.

En su recurso, el Sr. Vale Pérez solicita que revoquemos la *Resolución* notificada por el TPI el 19 de septiembre de 2025. En ésta, el foro primario denegó, por tardía, una solicitud de enmienda al informe de conferencia con antelación al juicio y prohibió al Sr. Vale Pérez presentar al perito Jesús Vera como prueba directa en el juicio. Sin embargo, no lo privó del derecho a presentar un informe pericial para propósitos de impugnación.

En su señalamiento de error, el Sr. Vale Pérez apunta que:

Erró el Honorable Tribunal de Primera Instancia, Sala Superior de Arecibo, al denegar la solicitud de enmienda del Informe de Conferencia con Antelación a Juicio para incluir al perito Jesús Vera, incurriendo en abuso de discreción al impedir una corrección necesaria para

evitar una injusticia manifiesta, pese a que dicho perito había sido oportunamente notificado y conocido por la parte recurrida desde el año 2023.

Arguye que el foro recurrido abusó de su discreción al privarle de su derecho a presentar prueba esencial para sustentar su teoría del caso, a pesar de que la parte contraria tenía conocimiento formal de la información desde el 15 de agosto de 2023 -cuando el Sr. Vale Pérez solicitó autorización al tribunal para contratar al perito[1] - y el 29 de agosto de 2023 – cuando informó formalmente su contratación[2] - sin que se hubiere objetado la misma.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento[3], resolvemos sin trámite ulterior.

**I.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[4]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.[5] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

---

[1] *Moción para consignar nuestra parte de los honorarios del tasador y permiso para contratar tasador para tasar la propiedad a la fecha de la fecha (sic) del divorcio,* Sistema Unificado de Manejo y Administración de Casos (SUMAC), expediente judicial del caso SS2022CV00803, entrada 40.
[2] *Moción al expediente judicial, Íd.,* entrada 41.
[3] Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).
[4] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[5] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[6], se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

---

[6] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, supra, págs. 59-60.

En fin, la Regla 52.1 de Procedimiento Civil, *supra,* enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari,* mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[7]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[8] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[9] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[10]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera'".[11] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de

---

[7] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

[8] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

[9] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.

[10] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

[11] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657–658 (1997).

razonabilidad.[12] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[13]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción:

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[14]

### C.

El efectivo funcionamiento del sistema judicial y la eficiente disposición de los asuntos litigiosos requieren que el Tribunal de Primera Instancia goce de gran discreción en el manejo de los casos que se ventilan ante sí.[15] A saber, el Foro Primario posee autoridad suficiente para conducir los asuntos litigiosos en la forma que su buen juicio le indique.[16]

La Regla 37 de Procedimiento Civil, 32 LPRA Ap. V, R. 37, rige lo concerniente al manejo del caso, sin que un foro apelativo requiera intervenir.[17] El Tribunal de Primera Instancia es el foro que mejor conoce las particularidades del caso y está en mejor posición para tomar medidas que permitan trazar el curso del caso hasta su disposición final.[18] Cónsono con lo anterior, la discreción se

---

[12] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.

[13] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.

[14] *SLG Zapata Rivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).

[15] *BRRP v. SLG Gómez-López*, 213 DPR 314, 333-334 (2023); *In re Collazo I*, 159 DPR 141, 150 (2003).

[16] *Íd.*

[17] *In re Collazo I*, supra, pág. 151.

[18] *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012).

fundamenta también en el contacto con los litigantes y la prueba que se haya presentado.[19]

## II.

Nos abstenemos de intervenir con la resolución sobre manejo del caso emitida al amparo de la Regla 37 de Procedimiento Civil, *supra*. Como bien puede observarse, si bien el dictamen cuestionado se encuentra dentro de las materias comprendidas en la Regla 52.1 de Procedimiento Civil, *supra*, en las que, por excepción, podemos ejercer nuestra discreción para expedir el recurso, no se justifica nuestra intervención a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra.*

Conforme al derecho esbozado, los tribunales de instancia, como norma general, gozan de amplia discreción para pautar y conducir la tramitación de los procedimientos ante su consideración. Por ello, este foro apelativo no debe intervenir en el manejo del caso ante la consideración del foro primario, salvo quedara establecido que dicho foro incurrió con prejuicio, parcialidad, abuso de discreción o error en la aplicación de una norma procesal o de derecho sustantivo, y cuando nuestra intervención evite un perjuicio sustancial.

En el presente caso, no se demostró que el TPI abusara de su discreción, actuara con prejuicio o cometiera un error manifiesto en su determinación. Tampoco identificamos fundamento alguno que justifique expedir el auto de *certiorari* para evitar un fracaso de la justicia. **No obstante, reiteramos que el foro primario no privó a José Ramón Vale Pérez del derecho a presentar su prueba pericial para propósitos de impugnación durante el juicio en su fondo[20].**

---

[19] *BRRP v. SLG Gómez-López,* supra, pág. 334.
[20] Véase Minuta del 10 de septiembre de 2025, SUMAC TPI entrada 121.

Por tanto, ante la ausencia de justificación para intervenir con el dictamen recurrido, denegamos expedir el auto de *certiorari*. Además, declaramos *no ha lugar* a la *Moción de Auxilio*.

### III.

Por lo expuesto, denegamos la expedición del auto de *certiorari* y declaramos *no ha lugar* a la *Moción de auxilio*.

**Notifíquese inmediatamente**.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones